# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN A. CONNER DPM, P.C.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-1642 |
| | : | |
| **OPTUM360, LLC** | : | |

## MEMORANDUM OPINION

**SCHMEHL, J.**  /s/ JLS                                                            December 12, 2017

        Plaintiff brought this action, individually and on behalf of an unknown class of persons, claiming that on October 9, 2015, Defendant sent to Plaintiff an unsolicited fax promoting a "2015 Optum360 Essentials Conference" and Defendant's "coding, billing and compliance excellence" that did not contain the proper opt-out notice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Compl., Ex. A.) Plaintiff alleges that "[o]n information and belief, Defendant sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA." (Compl at ¶ 19.) Plaintiff defines the purported class as "[e]ach person or entity that was sent one or more telephone facsimile messages (faxes) about goods, products or services available for purchase from optumcoding.com or optum360coding.com." (Compl. at ¶ 21.) Plaintiff alleges that it intends to "discover, include, and resolve the merits of claims about all advertisements Defendant sent to Plaintiff by fax, as well as *all advertisements* Defendant sent to the other class members." (Compl. at ¶ 23.)(emphasis added). For example, one of the interrogatories Plaintiff has served on Defendant requests, "Other than Exhibit A, identify other fax messages transmitted during the relevant time period [four years] that identified any property, goods, or services available for purchase from Optum360, including optumcoding.com or optum360coding.com." (ECF 39-2.) Plaintiff claims it needs this information in order to identify other class members. Defendant has objected to the request on the basis that it is not relevant and unduly burdensome.

        "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1).

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

To support their positions, the parties rely on case law from the United States District Court for the Northern District of Illinois. In *Brodsky v. HumanaDental Ins. Co.,* No. 10 C 3233, 2012 WL 12973195 (N.D. Ill. May 18, 2012), the Court denied plaintiff's requests "for any fax defendant sent to anyone that promoted or advertised defendant's business." Like here, plaintiff had sought the information in order to identify class members. The Court noted, however, that in his complaint plaintiff had alleged that defendant had faxed the same and similar advertisements to other recipients and therefore, for class certification purposes, only the faxes that were the same as the one that plaintiff received were relevant. However, the Court also stated, "Plaintiff has not cited any case in which the court allowed discovery into *any* fax that a defendant sent to others (but not to the plaintiff) over a four year period. Even given the broad scope of discovery under the Federal Rules, plaintiff cannot use discovery as a way of potentially putting together a separate and unrelated class action lawsuit for other TCPA violations." *Id.* at *3 (emphasis in original).

In *Fauley v. C. Specialties, Inc.,* 15-cv-5581, (N.D. Ill. Oct. 28, 2015)(ECF 39-3), the Court found "unpersuasive" "[p]laintiff's argument that because it received one fax communication in violation of the TCPA, it should be allowed to rummage around Defendant's records of all fax communications it sent within the last four years, no matter who the recipients were or what the subject matter…" *Id.* at 2.

In *West Loop Chiropractic & Sports Injury Ctr., Ltd. v. N. Am. Bancard, LLC*, No. 16-cv-5856, 2017 WL 404896, at *2 (N.D. Ill., Jan. 30, 2017), the Court overruled the defendant's relevance objection and permitted plaintiff to discover faxes similar to those that were sent to Plaintiff for purposes of maintaining a class action. However, in doing so, the Court specifically distinguished *Fauley* by noting that the defendant in *West Loop* admitted to having sent out faxes within the relevant time period that did not contain proper opt-out notices. The Court also noted that plaintiff in *West Loop* had identified at least one other recipient of a fax from the defendant that did not contain an opt-out notice and was different than the one received by the named

plaintiff. As a result, the Court found that plaintiff's discovery requests passed "the threshold relevance test" since the requests were "grounded in something more than mere speculation and suspicion." *Id.* at *2.

Neither of these events occurred in this case and therefore plaintiff's discovery requests do not meet the "threshold relevance test" as they are grounded in solely speculation and suspicion. Plaintiff has not alleged any facts to show that Defendant sent any noncompliant faxes other than the one Plaintiff attached to it Complaint as Exhibit A. Therefore, the Court will follow the *Brodsky* and *Fauley* decisions and sustain defendant's objection on the basis of relevance.