IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEVEN A. CONNER, DPM, P.C.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>OPTUM360, LLC,<br>　　　　　　　Defendant. | Civil Action No. 2:17-cv-1642<br><br>**FILED**<br>NOV 25 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

## ~~[PROPOSED]~~ FINAL SETTLEMENT APPROVAL ORDER

On June 7, 2019, after months of active litigation, several mediations, and extensive arm's-length negotiations, plaintiff, Steven A. Conner, DPM, P.C., on behalf of itself and the Class, and defendant, Optum360, LLC ("Optum360") (collectively the "Parties"), entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On June 7, 2019, Plaintiff filed a Motion for Preliminary Approval attaching the Agreement (the "Preliminary Approval Motion").

On June 11, 2019, upon consideration of the Agreement, the Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement and Order Requiring Notice to Class (the "Preliminary Settlement Approval Order"). Pursuant to the Preliminary Settlement Approval Order, the Court preliminarily approved the proposed settlement, approved CAC Services, LLC as the Settlement Administrator, ordered that notice be issued to Class Members, and set the date and time of the Final Fairness Hearing.

On November 6, 2019, Class Counsel timely filed Plaintiff's application for attorneys' fees, expenses, and an incentive/service award ("Plaintiff's Application").

On November 6, 2019, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final approval of the proposed class action settlement.

On November 25, 2019, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Agreement, Plaintiff's Application, the Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement unless defined otherwise herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **JURISDICTION**: The Court has jurisdiction over plaintiff, Steven A. Conner DPM, P.C. ("Plaintiff"), the Class Members, defendant Optum360, LLC ("Defendant"), and the claims asserted in this lawsuit.

2. **CLASS MEMBERS**: Pursuant to Fed. R. Civ. P. 23(b)(3), this Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class:

   > All persons or entities in the United States who received a telephone facsimile message on a telephone facsimile machine from or on behalf of Optum360 regarding the Optum360 Essentials Coding, Billing and Compliance Conference on April 15, 2015, May 21, 2015, June 17, 2015, July 23, 2015, August 13, 2015, September 16, 2015, or October 9, 2015.

   The Class excludes Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons, and the judges assigned to the Action and their staffs.

3. **NOTICE AND CLAIMS PROCESS**: Pursuant to the Court's Preliminary Settlement Approval Order, the Settlement Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the settlement and its terms and conditions complied with this Court's Preliminary Settlement Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constituted reasonable notice (as required by Fed. R. Civ. P. 23(e)(1)(B), and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. The Court finds that the notice process was clearly designed to advise the Class Members of their rights.

4. **SETTLEMENT AGREEMENT**: The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, and adequate, especially in light of the benefits offered to the Class Members, the complexity, expense, and probable duration of further litigation, the risk and delay inherent in the motion for summary judgment Optum360 filed, an otherwise anticipated, contested motion for class certification, and likely appeals, and the delay and risk of collecting any judgment obtained on behalf of the Class Members.

5. **SETTLEMENT TERMS**: The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

6. **EXCLUSIONS**: A total of 13 exclusions were received. Those persons requesting exclusion are named in Exhibit A to this Order. The Court hereby excludes these individuals from the Class. This Order is binding on all Class Members, except those individuals named in Exhibit A, who validly and timely excluded themselves from the Class.

7. **OBJECTIONS**: The Class Members were given an opportunity to object to the settlement. No Class Members filed objections.

8. **CLASS COMPENSATION**: Defendant has agreed to make available a settlement fund totaling $6,000,000.00 (the "Settlement Fund") to pay Approved Claims, to pay an Incentive Award to Plaintiff for serving as the Class Representative, and to pay attorneys' fees (not to exceed $2,000,000.00) and reasonable out-of-pocket expenses (inclusive of class administrative costs and not to exceed $105,000.00) to Class Counsel. As agreed in the Settlement Agreement, each Approved Claim will be paid $500.00 per unique fax number on the Class List, subject to a *pro rata* reduction if the Approved Claims and all other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendant. As agreed between the parties, checks issued to pay Approved Claims will be void 121 days after issuance. Any money remaining from uncashed checks shall revert back to Defendant. Defendant shall not be responsible for any payments except those provided for in the Settlement Agreement. Any portion of the Settlement Fund that is not paid for the sum total of Approved Claims, the Fee and Expense Award, and the Incentive Award shall revert to and be kept by Optum360.

9. **INCENTIVE AWARD:** The Court approves and awards $10,000.00 as an incentive award to Plaintiff, for serving as the Class Representative in this matter. Defendant will pay that amount from the Settlement Fund in accordance with the terms of the Settlement Agreement.

10. **AWARD OF ATTORNEYS' FEES AND EXPENSES:** The Court approves and awards attorney's fees to Class Counsel in the amount of $2,000,000.00 (one third of the Settlement Fund) plus expenses in the amount of $~~100,948.56~~ $200,124.76. Defendant will pay those amounts from the Settlement Fund in accordance with the terms of the Settlement Agreement.

11. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT:** The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

12. The Action is hereby dismissed with prejudice in all respects (except that the dismissal is without prejudice as to those persons identified on Exhibit A hereto who submitted valid exclusions from the Class), and without fees or costs except as provided above.

13. This Order is not, and shall not be construed as, an admission by Optum360 of any liability or wrongdoing in this or in any other proceeding.

14. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction for 180 days over Plaintiff, all Class Members, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

15. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment, ~~effective~~ *which will be on Feb. 5, 2020*

IT IS SO ORDERED.

Dated: *11-25-19*

HON. TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

## **EXHIBIT A – CLASS MEMBERS REQUESTING EXCLUSION**

1. The Chickasaw Nation Medical Center
2. State Farm Insurance
3. You and Your Health Family Care, Inc.
4. Health Services for Children with Special Needs, Inc.
5. Donald E. Wenner, MD
6. Tricia Etheridge, MD, PC
7. Practice Dynamics
8. The Family Clinic, LLC
9. Cost Management Plus, Inc.
10. Physical Therapy Specialists, PC
11. Surgicenter of Norfolk
12. Napoleon Care Center